RECEIVED
IN ALEXANDRIA, LA

FEB 11 2008

ROBERT H. SHEMWELL, CLERK
WESTERN DISTRICT OF LOUISIANA

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

ALEXANDRIA DIVISION

| | |
|---|---|
| WILLIAM M. BRYSON, JR. FED. REG. NO. 95662-071 | CIVIL ACTION NO. 07-1830 |
| VS. | SECTION P |
| FREDRICK MENIFEE, WARDEN | JUDGE DRELL MAGISTRATE JUDGE KIRK |

### REPORT AND RECOMMENDATION

Before the court is a petition for writ of *habeas corpus* (28 U.S.C. §2241) filed on November 1, 2007 by *pro se* petitioner William M. Bryson, Jr. Petitioner is an inmate in the custody of the Federal Bureau of Prisons (BOP); he is incarcerated at the United States Penitentiary (USPP), Pollock, Louisiana, where he is serving a 188-month sentence imposed following convictions in the United States District Court for the District of South Carolina. See United States of America v. William M. Bryson, Jr., No. 8:01-cr-00240. For the following reasons it is recommended that the petition and all associated pleadings and motions [docs. 1, 3, and 9] be **DENIED** and **DISMISSED WITH PREJUDICE**.

### *Statement of the Case*

On November 1, 2007 petitioner filed a *pro se* pleading styled, "Petition to the Court of Incarceration for a Writ of Habeas Corpus Pursuant to Amendment One." Petitioner contends that the pleading is a "collateral attack" challenging his "mail fraud sentence only for their proceeds..." [doc. 1, p. 1]

Elsewhere he maintains that "... the acts at issue and petitioner's conduct in Count 27 are legally insufficient to support a conviction for mail fraud." [*Id.*, pp. 1-2] He also contends "... that Count 27 of indictment 240 is fatally defective..." [*Id.*, p. 2] Finally, petitioner prays, "in connection with the consideration of the legality of the sentence in Count 27 and the manner that petitioner is executing his mail fraud sentence, petitioner asks that for the next fifteen years that he be housed in a United States Air Force Base in order that he have access to an inmate's law library which is required under the writ of *habeas corpus* of the original Constitution of the United States of America to permit him to research his grievance against the government under Amendment One." [*Id.*, p. 8]

On November 20, 2007 petitioner submitted a *pro se* Motion to Supplement and Consolidate. Therein he requested consolidation of "... all his other filings into this case number..." since he "... only needs one fair hearing on his grievance found in indictment number 8:01-240..." [doc. 3]

On November 27, 2007 petitioner filed a *pro se* "Notice of Petitioner's Objection to Being Legally Compelled to Perform an Impossibility when Under an Option to Mail It" in which he contends that his previous failure to submit a proper *in forma pauperis* application was the fault of USPP and not his own. [doc. 4] Thereafter, on December 19, 2007, USPP officials provided the

necessary documentation concerning petitioner's application to proceed *in forma pauperis*. [doc. 6] On December 21, 2007, petitioner's request to proceed *in forma pauperis* was granted. [doc. 7]

On December 27, 2007 petitioner filed a Supplemental Petition. In that rambling pleading,[1] petitioner asked that "... Count 27 be dismissed because it violates Amendment VI as set forth in Rule 7 or alternatively, that its sentence not be set at 5 years but within the sentencing range computed by the Sentencing Guidelines ... because a five year sentence violates Amendment VIII since the Sentencing Guidelines set the sentencing range rather than one under the statutory maximum which it itself may be a choice if set within the sentencing range sent to the Sentencing Judge for his consideration." [doc. 9, pp. 9-10]

---

[1] Mr. Bryson's prose is particularly opaque and convoluted. For example, the pleading begins, "In a Federal prisoner's petition to the Court of Incarceration for a writ of *habeas corpus* as grounded in the old english [sic] common law, rather than the now 2255 which supersedes a Federal prisoner's 2241, and subsequently set forth in the Constitution of the United States of America in its first ten amendments which are referred to as the Bill of Rights, the pertinent part of the habeas corpus basic principle in this case is to protect and safeguard Bryson against injustice from his Government if he is in fact legally guilty now of 371 conspiracy and mail fraud, but limited to 60 concurrent months max from 12 March 2001, because of a State of South Carolina crime of swindling Victim One when there was a court judicial officer's determination that there is deemed 1.6 million dollars of laundered proceeds in legally compelled mailings, being some 15 without the ones cited in the overt acts, when petitioner only did one mailing which is sufficient for his money laundering's predicate crime and when his indictment did not inform him of his act which caused the other mailings to be mailed." [doc. 9, pp. 1-2] He then claims that the First Amendment provides that "... no law is to bridge Bryson's right to peaceably petition his nearest Court of Incarceration for a redress of his grievance." [*Id.*, p. 2] He then states his claim for relief as follows: "The pertinent part of Amendment Five is that Bryson shall be held to only answer for the mail fraud crime in Count 27 by the charges charged by a Grand Jury in its indictment at Count 27 rather than at Count 1 and Count 27." [*Id.*]

***Law and Analysis***

Petitioner has repeatedly and unsuccessfully petitioned this court for relief from his criminal conviction in the United States District Court for the District of South Carolina.[2]

---

[2] In Bryson v. Menifee, No. 1:06-cv-0366 (Bryson I) petitioner argued that the evidence adduced at his criminal trial in South Carolina was insufficient to convict him because he had not "swindled" his victims; he also argued that the trial court improperly computed his sentence by applying the wrong edition of the Sentencing Guidelines. The undersigned recommended dismissal because the claims were the type more properly raised in a Motion to Vacate filed pursuant to 28 U.S.C. §2255 and petitioner did not establish that the remedy provided by that statute was inadequate or ineffective. [Bryson I, doc. 11] On July 24, 2006 Judge Drell adopted the Report and Recommendation and entered judgment dismissing the petition with prejudice. [Id., doc. 12] Petitioner's appeal of that judgment remains pending before the United States Fifth Circuit Court of Appeals under that court's docket number 06-30885.

In Bryson v. United States of America, No. 1:06-cv-1426 (Bryson II), petitioner filed a complaint which was construed as a petition for writ of habeas corpus. In that proceeding petitioner complained again that the trial court had misapplied the Sentencing Guidelines. Since his claims were virtually identical to the claims raised in Bryson I, dismissal was recommended. Bryson II, doc. 10. On April 12, 2007, Judge Drell rendered judgment adopting the Report and Recommendation. [Id., doc. 15] Petitioner ultimately appealed and the appeal remains pending before the Fifth Circuit under Docket Number 07-30409. On June 12, 2007, the Fifth Circuit consolidated the appeals in case 06-30885 and 07-30409.

In Bryson v. United States of America, No. 1:07-cv-1043 (Bryson III), petitioner filed a "Petition to Modify a Conspiracy Sentencing Fraud Sentence" again seeking review of the sentences imposed by the United States District Court in South Carolina. The undersigned recommended dismissal of these claims for the same reasons stated in the Reports filed in Bryson I and II. [Bryson III, doc. 6] On January 2, 2008 Judge Drell adopted the Report and entered judgment dismissing the petition with prejudice. [Id., doc. 16] Petitioner again appealed and his appeal is pending before the Fifth Circuit under Docket Number 08-30056.

In Bryson v. United States of America, No. 1:07-cv-1256 (Bryson IV) petitioner filed pleadings entitled, "Complaint Upon a Sentencing Fraud Conspiracy of Judicial Officers Contrary to Art. I, Sec. 9, Clause 3 and/or R. 32(i)(3)(b) and/or Upon Criminal Rule 32(i)(3)(c)" [Bryson IV, doc. 1] and "Petition for Redress of Grievance alleging that His Sentence Violates Sentencing Law because of the Due Process of Law Clause and that it is the Fruit of a Sentencing Fraud Conspiracy." [Id. doc. 4]. Petitioner was directed to amend his pleadings and to use the appropriate forms provided to pro se litigants by the court. He refused to do so and on January 2, 2008, Judge Drell ordered the suit dismissed with prejudice. Judge Drell noted, "In this action, William Bryson complains of a decision by the Magistrate Judge ... in issuance of a memorandum order ... requiring Plaintiff to amend his suit utilizing the proper forms. Instead of complying with the magistrate judge's order, Bryson

Once again, petitioner attempts, by his own admission, to collaterally attack that conviction and the sentence imposed and he again raises rambling, semi-coherent claims concerning the efficacy of the Bill of Indictment, the sufficiency of the evidence at trial, and the trial court's erroneous or fraudulent application of the Sentencing Guidelines, claims more or less identical to the claims raised in his previous unsuccessful attempts to collaterally attack the conviction and sentence.

Notwithstanding petitioner's continued efforts to re-characterize his claims, it is manifestly clear that he again seeks to collaterally attack his federal criminal conviction and the sentence imposed thereon.

As he has been previously advised, 28 U.S.C. §2255, provides the process which allows federal inmates to collaterally attack the legality of their convictions or sentences. See <u>Cox v. Warden, Fed. Det. Ctr.</u>, 911 F.2d 1111, 1113 (5th Cir.1990). 28 U.S.C. §2241 is used to challenge the <u>manner</u> in which a sentence is executed. See <u>Warren v. Miles</u>, 230 F.3d 688, 694 (5th Cir.2000).

As he must now be aware, Federal prisoners may use §2241 to

---

has attempted to circumvent the same by filing other pleadings wherein he continues to ramble regarding his South Carolina federal court conviction. Those matters have adequately been disposed of in other proceedings before this Court. The order to amend ... was entirely proper in this case. Bryson's refusal to comply and the fact that he continues merely to regurgitate issues previously decided warrants dismissal of this case." [Id. doc. 12] Bryson appealed this judgment to the Fifth Circuit Court of Appeals and it remains pending under Docket Number 08-30041.

challenge the legality of their convictions or sentences <u>but only if they satisfy the § 2255 "savings clause."</u> See <u>Reyes-Requena v. United States</u>, 243 F.3d 893, 901 (5th Cir.2001). The "savings clause" provides that a federal convict may file a writ of *habeas corpus* pursuant to §2241 if the §2255 motion's remedy is "inadequate or ineffective to test the legality of his detention." See 28 U.S.C. § 2255. A prisoner seeking such relief under the "savings clause" must establish that: (1) his claim is based on a retroactively applicable Supreme Court decision which establishes that he may have been convicted of a nonexistent offense, and (2) his claim was foreclosed by circuit law at the time when the claim should have been raised in his trial, appeal, or first § 2255 motion. <u>Reyes-Requena</u>, 243 F.3d at 904. Such petitioners bear the burden of demonstrating that the §2255 remedy is inadequate or ineffective. <u>Jeffers v. Chandler</u>, 253 F.3d 827, 830 (5th Cir.2001); <u>Pack v. Yusuff</u>, 218 F.3d 448, 452 (5th Cir.2000). The fact that a prior §2255 motion was unsuccessful, or that the petitioner is unable to meet the statute's second or successive requirement, does not make § 2255 inadequate or ineffective. <u>Jeffers</u>, 253 F.3d at 830; <u>Toliver v. Dobre</u>, 211 F.3d 876, 878 (5th Cir.2000).

The claims raised herein by the petitioner are more properly raised in a Motion to Vacate filed pursuant to §2255. Therefore petitioner may bring this *habeas* action only if he can

demonstrate that §2255's remedy is "inadequate or ineffective to test the legality of his detention" by establishing that: (1) his claim is based on a retroactively applicable Supreme Court decision which establishes that he may have been convicted of a nonexistent offense, and (2) his claim was foreclosed by circuit law at the time when the claim should have been raised in his trial, appeal, or first §2255 motion. Reyes-Requena, 243 F.3d at 904.

Petitioner has pointed to no retroactively applicable Supreme Court decision which establishes that he was convicted of nonexistent offenses. Nor has he shown that the claims were foreclosed by circuit law at the time when the claims should have been raised in his trial, appeal, or Motions to Vacate.

Therefore, as with his previous attempts, he cannot now proceed under the "savings clause" and his petition for writ of *habeas corpus* along with all other associated pleadings and motions [doc. 1, doc. 3, and doc. 9] must be dismissed with prejudice.

Accordingly,

**IT IS RECOMMENDED THAT** petitioner's Petition for Writ of *Habeas Corpus* and associated pleadings and motions [docs. 1, 3, and 9] be **DENIED** and **DISMISSED WITH PREJUDICE.**

Under the provisions of 28 U.S.C. §636(b)(1)(C) and Fed.R.Civ.Proc. 72(b), parties aggrieved by this recommendation

have ten (10) business days from service of this report and recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within ten (10) days after being served with a copy thereof.

**Failure to file written objections to the proposed factual finding and/or the proposed legal conclusions reflected in this Report and Recommendation within ten (10) days following the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error.** See *Douglas v. United Services Automobile Association,* 79 F.3d 1415 (5th Cir. 1996).

**THUS DONE AND SIGNED** in Chambers at Alexandria, Louisiana, this _____ day of _____, 2008.

JAMES D. KIRK
UNITED STATES MAGISTRATE JUDGE